UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CROWELL A. LISENBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:07CV1109 |
| v. | ) | |
| | ) | |
| GORDON H. MANSFIELD, acting Secretary | ) | JURY TRIAL DEMANDED |
| of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now Plaintiff Crowell A. Lisenby by and through his counsel, and complains against Defendant as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to federal question jurisdiction over claims brought under 28 U.S.C. § 1331, 28 U.S.C. § 2201-2202 and Title VII of the Civil Rights Act of 1964, more specifically, 42 U.S.C. § 2000e, et seq. (as amended).

2. Timely filing in this Court followed issuance by the Department of Veterans Affairs, Office of Employment Discrimination, of a Final Agency Decision or Order on October 16, 2007, which letter was issued to and received by Plaintiff.

3. Venue in this Court is proper in that all causes of action enumerated herein and all claims made by Plaintiff arose in the Northern Division of the Middle District of Alabama.

### PARTIES

4. Plaintiff Crowell A. Lisenby (hereinafter, "Plaintiff") is a resident of Montgomery

County, Alabama, over the age of Nineteen (19) years, and is, or was at all times material hereto, employed by the VA Medical Center (hereinafter, "the Employer") in Tuskegee, Alabama.

5. Defendant Gordon H. Mansfield (hereinafter, "Mansfield" or "the Secretary" or "Defendant"), is, to the best of Plaintiff's knowledge and belief, a resident of Montgomery County, Alabama, and the Acting Secretary of Veterans Affairs.

## NATURE OF THIS ACTION

6. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining Defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff because of his sex or race, from harassing him, and from retaliating against him. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by him but for Defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory damages for his suffering as a consequence of the wrongs alleged herein.

7. Plaintiff avers that Defendant acted to deny Plaintiff his rights under the laws of the United States of America and such action was designed to discriminate against him, a Caucasian male.

8. Plaintiff avers that Defendant's actions were designed to prevent him and other similarly situated Caucasian males from obtaining an equality with non-protected group members, African-American females, in pay, benefits, and treatment.

9. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of his employment by constructive discharge and has been

deprived of title, status, and prestige, as well as caused to suffer great humiliation and mental anguish from then until the present.

10. Plaintiff avers that Defendant's unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against him due to his race, Caucasian, and sex, male.

11. This action is brought to claim compensatory and statutory damages and equitable relief of Defendant for discrimination.

## FACTUAL ALLEGATIONS

12. Plaintiff expressly adopts, as if fully set forth herein, the allegations of each of the foregoing paragraphs.

13. Plaintiff is, or was at all times material hereto, a staff nurse at the impatient unit for the mental health services located at the East Campus of the Central Alabama Veterans Healthcare System in Tuskegee, Alabama. Plaintiff has an advanced degree in Psychiatry and is board certified as a Psychiatric Advanced Practice RN.

14. On or around December 5, 2006, Plaintiff was notified that he was not selected for any one of the three available ARNP Mental Health positions for which he had applied. Each of these three positions were listed as Mental Health nursing at the Tuskegee Campus.

15. Plaintiff contends that he was told by RMO Mary Ann Cardinali (hereinafter, "Cardinali"), the Associate Director for Patient Care Services, that Plaintiff wasted his time applying for any of these positions and furthermore that he would not be considered for those or any other NP positions.

16. Each position is within Plaintiff's qualifications as a Mental Health Advanced Practice

3

Nurse however each required two years experience as an ARNP, which Plaintiff doesn't possess. However, this two year experience requirement has not applied to other NP positions which became available since Plaintiff's employment. The two year experience rule had not previously existed, nor is it a requirement for any other positions, and was maliciously promulgated to inhibit Plaintiff's qualifications for the said positions.

17. Cardinali, in the presence of RMO Caver, stated to Plaintiff that he should consider finding another place to work, even if it came with a salary reduction.

18. Notwithstanding Plaintiff's qualifications for the said positions, the positions were filled with Caucasian females.

19. Plaintiff avers that Defendant has discriminated against him because of his sex, male, and his race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that he was treated in an adverse fashion when compared with similarly situated Caucasian females.

## COUNT I – SEX DISCRIMINATION

20. Plaintiff hereby expressly adopts, as if fully set forth herein, each and every allegation of the foregoing paragraphs.

21. Plaintiff, as a male, is a member of a protected class.

22. Plaintiff was highly qualified for the position to which he applied and was capable of performing each and every essential function of the position to his employer's reasonable satisfaction.

23. Plaintiff was subjected to disparate treatment and adverse employment actions to which

similarly situated members of a non-protected class were not, and would not have been, subjected.

24. The treatment complained of was because of Plaintiff's sex, male.

25. Plaintiff has been damaged thereby in that he has been deprived of title, authority, responsibility, position, status, prestige, esteem, pay, benefits, and opportunity for advancement. In addition, he has been embarrassed, humiliated, deprived of meaningful work, and has been caused to suffer great stress, mental anguish, emotional distress, loss of self-esteem, and loss of enjoyment of living.

## COUNT II – RACE DISCRIMINATION

26. Plaintiff hereby expressly adopts, as if fully set forth herein, each and every allegation of the foregoing paragraphs.

27. Plaintiff, as a Caucasian, is a member of a protected class.

28. Plaintiff was highly qualified for the position to which he applied and was capable of performing each and every essential function of the position to his employer's reasonable satisfaction.

29. Plaintiff was subjected to disparate treatment and adverse employment actions to which similarly situated members of a non-protected class were not, and would not have been, subjected.

30. The treatment complained of was because of his race, Caucasian.

31. Plaintiff has been damaged thereby in that he has been deprived of title, authority, responsibility, position, status, prestige, esteem, pay, benefits, and opportunity for advancement. In addition, he has been embarrassed, humiliated, deprived of meaningful

work, and has been caused to suffer great stress, mental anguish, emotional distress, loss of self-esteem, and loss of enjoyment of living.

## PRAYER FOR RELIEF

**WHEREFORE**, the premises considered, Plaintiff demands judgment in his favor and against Defendant as follows:

A. Plaintiff prays that this Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

B. Plaintiff prays that this Court will permanently enjoin Defendant, his agents, successors, officers, employees, attorneys and those acting in concert with him or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Plaintiff prays that this Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

D. Plaintiff demands Compensatory damages in an amount yet to be ascertained or, in the alternative, nominal damages;

E. Plaintiff prays that this Court will grant such other, further and different monetary relief, including such equitable relief as back pay and front pay, as this Court may deem just and proper;

F. Plaintiff prays that this Court will grant him the cost of this action including

reasonable attorney's fees.

**RESPECTFULLY SUBMITTED**, this 20th day of December, 2007.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

/s/ Andy Nelms
Keith Anderson Nelms (NEL022)
847 So. McDonough Street, Ste 100
Montgomery, Alabama 36104
Phone: (334) 263-7733
Fax: (334) 832-4390
E-mail: andynelms@andersonnelms.com
ASB-6972-E63K
Attorney for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
847 South McDonough St. (36104)
PO Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)
334-832-4390 (Telefax)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2007, I either mailed a copy of the foregoing via United States Postal Service, certified and postage pre-paid to the correct address, or electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gordon H. Mansfield
Acting Secretary of Veterans Affairs
Office of the General Counsel (024)
810 Vermont Avenue, N.W.
Washington, D.C. 20420

/s/ Andy Nelms
Keith Anderson Nelms (NEL022)
847 So. McDonough Street, Ste 100
Montgomery, Alabama 36104
Phone: (334) 263-7733
Fax: (334) 832-4390
E-mail: andynelms@andersonnelms.com
ASB-6972-E63K
Attorney for Plaintiff