IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CROWELL A. LISENBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: **2:07-CV-1109-TFM** |
| ) | |
| DR. JAMES B. PEAKE, in his official ) | |
| capacity as Secretary of Veterans Affairs[1] ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Now comes Defendant Peake, Secretary of Veterans Affairs, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers Plaintiff's Complaint as follows:

**First Defense**

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

**Second Defense**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**Third Defense**

Some or all of Plaintiff's claims are barred to the extent he has failed to timely

---

[1] On December 20, 2007, Dr. James B. Peake was sworn in as Secretary of Veterans Affairs. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Secretary Peake is due to be substituted for Acting Secretary Mansfield.

and/or fully exhaust the mandatory administrative remedies applicable to actions brought by federal-sector employees pursuant to 42 U.S.C. § 2000e-16, et seq.

### Fourth Defense

Defendant denies the allegations of discrimination in Plaintiff's Complaint and demands strict proof of all matters contained therein.

### Fifth Defense

Any actions taken with respect to Plaintiff, or his employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by him.

### Sixth Defense

Plaintiff has failed to mitigate his damages, his entitlement to which is expressly denied.

### Seventh Defense

Some, or all, of Plaintiff's claims may be barred by the statute of limitations or the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, res judicata, laches, unclean hands, or waiver.

### Eighth Defense

Without admitting that a discriminatory intent prompted any of the complained of actions/inactions, the defendant asserts that it would have made the same decisions even in the absence of any discriminatory consideration.

### Ninth Defense

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

### Tenth Defense

NOW, having set forth certain of its defenses herein, Defendant responds to the paragraphs of Plaintiff's Complaint as follows:

1. Paragraph 1 of the complaint is a statement of jurisdiction to which no response is necessary. To the degree a response is deemed necessary, same is denied.

2. The defendant admits the allegations of paragraph 2 of the complaint.

3. The defendant admits the allegations of paragraph 3 of the complaint.

4. The defendant admits the allegations of paragraph 4 of the complaint.

5. The defendant avers that Dr. James B. Peake is the Secretary of Veterans Affairs, but denies the remaining allegations of paragraph 5 of the complaint.

6. Paragraph 6 of the complaint is in the nature of a prayer for relief to which no answer is required. To the degree an answer is deemed necessary, the defendant denies that it has discriminated against the plaintiff in any manner and therefore denies the plaintiff is entitled to the recovery of any damages or that he is in need of any relief.

7. The defendant denies the allegations of paragraph 7 of the complaint.

8. The defendant denies the allegations of paragraph 8 of the complaint.

9. The defendant denies the allegations of paragraph 9 of the complaint.

10. The defendant denies the allegations of paragraph 10 of the complaint.

11. The defendant denies the plaintiff is entitled to any damages or equitable relief as the result of any actions/inactions of its employees.

12. The defendant adopts, as if fully set forth herein, the answers provided in each and every one of the foregoing paragraphs.

13. The defendant is without sufficient information to admit or deny the plaintiff has an advanced degree in psychiatry and is board certified as a Psychiatric Advanced Practice RN, but admits the remaining allegations of paragraph 13 of the complaint.

14. The defendant admits the plaintiff was not selected for the position Certified Registered Nurse Practitioner, but is without sufficient information to admit or deny the remaining allegations of paragraph 14 of the complaint, the same are therefore denied.

15. The defendant is without sufficient information to admit or deny the allegations of paragraph 15 of the complaint, the same are therefore denied.

16. The defendant admits the position for which the plaintiff applied required two years experience as a certified registered nurse practitioner and that plaintiff did not then possess the mandated experience. The defendant denies the remaining allegations of paragraph 16 of the complaint.

17. The defendant is without sufficient information to admit or deny the allegations of paragraph 17 of the complaint, the same are therefore denied.

18. The defendant admits the position was filled by a Caucasian female.

19. The defendant denies the allegations of paragraph 19 of the complaint.

20. The defendant adopts, as if fully set forth herein, the answers provided in each and every one of the foregoing paragraphs.

21. The defendant admits the allegations of paragraph 21 of the complaint.

22. The defendant denies the allegations of paragraph 22 of the complaint.

23. The defendant denies the allegations of paragraph 23 of the complaint.

24. The defendant denies the allegations of paragraph 24 of the complaint.

25. The defendant denies the allegations of paragraph 25 of the complaint.

26. The defendant adopts, as if fully set forth herein, the answers provided in each and every one of the foregoing paragraphs.

27. The defendant admits the allegations of paragraph 27 of the complaint.

28. The defendant denies the allegations of paragraph 28 of the complaint.

29. The defendant denies the allegations of paragraph 29 of the complaint.

30. The defendant denies the allegations of paragraph 30 of the complaint.

31. The defendant denies the allegations of paragraph 31 of the complaint.

The remaining allegation of the complaint is in the form of a prayer for relief to which no answer is required. To the degree an answer is deemed necessary, the defendant

denies that the plaintiff is entitled to recover any damages and/or relief.

The defendant denies each and every allegation of the plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

WHEREFORE, having fully answered the allegations in the Complaint, the defendant requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, award the defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 7th day of March, 2008.

                                              LEURA G. CANARY
                                              United States Attorney

                                     By: s/R. Randolph Neeley
                                        R. RANDOLPH NEELEY
                                        Assistant United States Attorney
                                        Bar Number: 9083-E56R
                                        Post Office Box 197
                                        Montgomery, AL  36101-0197
                                        Telephone No.: (334) 223-7280
                                        Facsimile No.: (334) 223-7418
                                        **E-mail: rand.neeley@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Keith Anderson Nelms, Esquire.

s/R. Randolph Neeley
Assistant United States Attorney
