IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CROWELL A. LISENBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-1109-WKW [WO] |
| | ) | |
| ERIC K. SHINSEKI, *in his official* | ) | |
| *capacity as Secretary of Veterans Affairs*, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This suit is an employment discrimination action against the Secretary of Veterans Affairs ("Secretary").[1] The Secretary has moved for dismissal, or in the alternative, summary judgment. (Docs. # 20 & 21.) Plaintiff responded in opposition to summary judgment (Doc. # 24), and the Secretary replied (Doc. # 25). The motion is ready for resolution. Based upon careful consideration of the arguments of counsel, the relevant law and the record as a whole, the Secretary's motion for summary judgment is due to be granted, and judgment is due to be entered in favor of the Secretary.

---

[1] The case was originally filed against Gordon H. Mansfield, then acting Secretary of Veterans Affairs. Under Rule 25(d) of the Federal Rules of Civil Procedure, the successor of any officer who "ceases to hold office while the action is pending," is "automatically substituted as a party." "Later proceedings should be in the substituted party's name . . . ." Fed. R. Civ. P. 25(d). On March 19, 2008, the court ordered the substitution of James B. Peake, the then-current Secretary of Veterans Affairs. The current Secretary of Veterans Affairs, Eric K. Shinseki, is automatically substituted as the appropriate Defendant.

## I. JURISDICTION

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 2201-2202. The parties do not contest personal jurisdiction or venue, and the court finds that there are allegations sufficient to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Crowell A. Lisenby ("Lisenby"), a Caucasian male, alleges sex and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). (Compl. ¶ 19 (Doc. # 1).) He received a right-to-sue letter from the Equal Employment Opportunity Commission on October 16, 2007 (Compl. ¶ 2), and filed this suit on December 20, 2007.[2] Lisenby claims that he was unlawfully denied each of three available nursing positions with the Department of Veterans Affairs ("VA") based on his race and/or gender. (Compl. ¶¶ 14, 20-31.)

---

[2] Lisenby failed to attach the right-to-sue letter to any of his filings. Without the right-to-sue letter in the record, it cannot be ascertained that Lisenby exhausted his administrative remedies. The receipt of a right-to-sue letter, however, is not a jurisdictional prerequisite to filing a Title VII claim, but is only a "condition precedent subject to equitable modification." *Pinkard v. Pullman-Standard,* 678 F.2d 1222, 1216 (11th Cir. 1982) (per curiam). The condition precedent to a Title VII action need not literally be met "so long as the purposes of the preconditions have been satisfied." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1004 n.17 (11th Cir. 1982). If the defendant "does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted." *Id.* at 1010. The Secretary has raised a general defense that Lisenby failed to fully exhaust his administrative remedies (Answer 1-2 (Doc. # 9)), but has not argued it specifically or with particularity.

Lisenby was employed by VA almost continuously from 1983 to 2007.[3] In August 2006, he applied for three Certified Registered Nurse Practitioner ("CRNP") positions for mental health care services at the East Campus of the Central Alabama Veterans Health Care System ("CAVHCS"), in Tuskegee, Alabama. He was denied each position.

The same selection process was used for each procedure.[4] (Carolyn Caver Decl. 2 (Ex. 6 to Def.'s Mot.).) Maryan Cardinalli and LaDonna Golden reviewed each application and referred those applicants who met the requisite educational training to Carolyn Caver, the individual responsible for filling the positions. (Caver Decl. 2-3.) Each position required applicants to have a minimum of two years of professional practice as a CRNP, with specific experience in certain areas. (Positions Announcements (Exs. 1-3 to Def.'s Mot.).) Lisenby admits that he lacked that qualification. (Compl. ¶ 16; Pl.'s Resp. 5.) It is Lisenby's position, however, that the two-year experience requirement "was maliciously promulgated to inhibit [his] qualifications" for the positions. (Compl. ¶ 16.) He claims that Cardinalli instituted the two-year experience requirement to eliminate him as a candidate for the

---

[3] Record citations will be given for disputed or salient facts. Lisenby provided no record citations in support of his challenge to summary judgment. The court has reviewed the record, however, and will rely as necessary on the exhibits the Secretary provided.

[4] Lisenby does not appear to dispute the details of the selection process. He instead challenges the motivation behind the job requirements and selection choices.

position.[5] (Lisenby Dep. 46, Nov. 6, 2008 (Ex. 7 to Def.'s Mot.).) He also accuses her of instituting that requirement specifically because he is a male. (Lisenby Dep. 61.)

Cardinalli and Golden nevertheless referred Lisenby's application to Caver. (Caver Decl. 2.) Five other applicants were also referred. Of the total applicants, Lisenby was the only male, and one of two Caucasians. (Caver Decl. 2.) Based on her review of the documentation alone,[6] Caver selected three females for the positions, one Caucasian, the other two African-American. (Caver Decl. 3.) The Caucasian who was selected had ten years of experience as a nurse practitioner,[7] and the two African-Americans had six and four years respectively, while the other applicants, including Lisenby, had no experience working as nurse practitioners.[8] (Caver Decl. 3.) Caver avers that she selected the candidates based solely on their documented performance and their years of experience as nurse practitioners. (Caver Decl. 3.) Lisenby argues that Caver instead discriminated against him based on his gender and race by denying him the positions. (Lisenby Dep. 61.) He testified that the two-year experience requirement can be waived as long as a candidate met other qualifications, (Lisenby Dep. 59), though he provided no independent evidence that this was so.

---

[5] It is unclear whether Cardinalli had the authority to mandate the requirement or whether she only lobbied for it. Viewing the facts in the light most favorable to the non-movant, it will be assumed that Cardinalli mandated the requirement.

[6] She elected to forego interviewing each candidate. (Caver Decl. 3.)

[7] The assumption is that Caver's reference to experience as a nurse practitioner means practicing as a CRNP.

[8] Lisenby has not presented any evidence or argument to refute these claims.

### III.  STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] Fed. R. Civ. P. 56(c).  Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.  "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Rule 56(e)(2).  To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party."  *Damon v. Fleming*

---

[9] The case will be resolved on the motion for summary judgment, not the motion to dismiss.

*Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).

## IV. DISCUSSION

Lisenby alleges two specific instances of discrimination. First, he argues that Cardinalli instituted a two-year experience requirement to weed him out of the selection process because of his gender. Second, he argues that Caver implemented that requirement as a way to avoid promoting him because he is white and a male.[10]

A *prima facie* case of discrimination under Title VII requires the plaintiff to show that "(1) [he] belongs to a protected class; (2) [he] was qualified to do the job; (3) [he] was subjected to adverse employment action; and (4) [his] employer treated similarly situated employees outside [his] class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1348 n.2 (11th Cir. 2007) (per curiam) (tailoring the elements to promotion cases and specifying the adverse employment action as rejection). After establishing a *prima facie* case, a plaintiff still "bears 'the ultimate burden of proving discriminatory treatment'" and can meet that burden by presenting direct or circumstantial evidence of intent. *Crawford*, 529 F.3d at 975-76 (quoting *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)). The *McDonnell Douglas* burden-shifting framework applies when a plaintiff seeks to prove

---

[10] This summary is based on a generous interpretation of the factual foundation laid out in Lisenby's deposition.

discriminatory intent by circumstantial evidence.[11] *Id.* Under that framework, once the plaintiff makes out a *prima facie* case of discrimination, the employer must "'articulate some legitimate, nondiscriminatory reason' for the adverse employment action," which, if done, shifts the burden back to the plaintiff to show the employer's reason was "pretext for discrimination." *Id.* at 976 (quoting *McDonnell Douglas*, 411 U.S. at 802). To show pretext, the plaintiff must "'cast sufficient doubt'" on the employer's reason such that a "'reasonable factfinder'" can conclude that the reason did not "'actually motivate [the employer's] conduct.'" *Id.* (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)). There is no direct evidence of discriminatory intent here,[12] so Lisenby's proof of intent must be by circumstantial evidence.

The Secretary argues that Lisenby has failed to establish a *prima facie* case of discrimination, but that even assuming a *prima facie* case, he has failed to show a genuine issue of fact as to whether the Secretary's reason for denying his application was pretextual. (Def.'s Mem. 8-13.) The Secretary concedes that Lisenby has established that he is a member of a protected class, the non-selection was an adverse employment action, and that all the positions were awarded to members outside his gender group, and in two cases, to

---

[11] The framework is based on *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

[12] According to Lisenby, when Carinalli told him that she instituted the two-year experience requirement to "control who got a position," she never explicitly stated that it was to prevent him from obtaining the position, let alone that it was because he is a male. (*See* Lisenby Dep. 46-49.) Thus, there is no evidence of direct discrimination. "'[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate' on the basis of some impermissible factor" qualifies as direct evidence of discriminatory intent. *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (quoting *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989)).

members outside his racial group. (Def.'s Mem. 8.) The Secretary argues instead that Lisenby has failed to show that he was qualified for the position (Def.'s Mem. 8-9), the other requirement of a *prima facie* case.

The evidence is unresolved, however, as to whether the two-year experience requirement could have been waived by Caver. Lisenby claims it was waivable (Lisenby Dep. 59), and Caver never states that she denied Lisenby's application because he was *unqualified*. She attributes her choice to the disparities between his experience and that of other applicants – not to his failure to even qualify for the position. Indeed, if the two-year experience was not waivable, it would be inefficient for Cardinalli and Golden to refer candidates failing to meet that requirement to Caver since they already terminate the applicants who fail to meet educational requirements. Assuming the requirement is waivable, Caver has shown he was qualified for the position,[13] and the burden shifts to the Secretary to provide a legitimate reason for not promoting Lisenby.

The Secretary has met that requirement. Caver stated under oath that she selected candidates over Lisenby based on their experience working as CRNPs. Lisenby has presented no evidence challenging the amount of experience each selected candidate had

---

[13] That a requirement is waivable does not mean it is unimportant to the decision-making process. Indeed, Lisenby's claim of discrimination against Cardinalli depends on the requirement having some influence over that process because statements by decisionmakers in the promotion process that are "'unrelated to the decisional process itself'" are not sufficient to require an employer to prove the legitimacy of its reasons, *E.E.O.C. v. Alton Packaging* Corp., 901 F.2d 920, 924 (11th Cir. 1990) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring)). Aside from instituting the requirement, Cardinalli is not blamed for any other specific discriminatory act in the process.

working as a CRNP. It goes without saying that hiring one candidate over another for a nursing position based on the amount of CRNP experience in the field is a legitimate reason for an employment decision. The burden shifts back to Lisenby to prove that this reason is pretextual. He alludes to two bases for pretext – that the two-year requirement was a cover for Cardinalli to prevent males from obtaining nursing positions, and that the requirement was an excuse Caver used to discriminate against males and Caucasians.

Both claims fail. Lisenby's only evidence that Cardinalli discriminated against him in the selection process based on his gender was testimony that she told him that she "initiated" the requirement to control who received the position. (Lisenby Dep. 48.) That evidence is a non-starter. The sole purpose of job requirements is to limit who can receive a position. Lisenby nevertheless interpreted her comment to mean she intended to prevent him and others like him, who had completed the CRNP program, from receiving the positions (Lisenby Tr. 48-49), but he presents no evidence that this requirement was new, unusual, or unjustified. He also cannot point to other acts of discrimination by Cardinalli or Caver. (Lisenby Dep. 67.) His perception of discrimination is limited to what he perceived from the "general atmosphere." (Lisenby Dep. 67.)

He also asserts, however, that he was as qualified as the selected candidates and for that reason, his failure to meet the two-year experience requirement can only be an excuse for denying his applications based on discriminatory reasons. Lisenby highlights his nearly twenty-five years as a staff nurse for mental health services and his degree in psychiatric

9

nursing. (Pl.'s Resp. 5.) What distinguished him from the others, he argues, "is insignificant and tenuous at best" (Pl.'s Resp. 5), and a reasonable factfinder could infer that the distinction was concocted and implemented to prevent him from obtaining nursing jobs because he is white and a male.

That inference is not reasonably justified. To establish pretext based on the differences in qualifications between selected and non-selected candidates, the disparities must be "'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Brooks v. County Comm'n*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *Cooper v. S. Co.*, 390 F.3d 695, 732 (11th Cir. 2004)). Even assuming Lisenby's unproven assessment that his qualifications are appreciably the same as those of the selected candidates, he was not so much more qualified for the position that no individual exercising impartial judgment could have chosen the other candidates over him. Lisenby is asking a reasonable factfinder to disregard the significantly longer work experience of the selected candidates, which is especially unreasonable given that CAVHCS expressed an interest in selecting candidates who had at least two years of CRNP experience in the field. Regardless, "federal courts do not sit to second-guess the business judgment of employers. . . . [A] plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason, at least not where, as here, the reason is one that might motivate a reasonable employer." *Combs*, 106 F.3d at 1543.

Based on this record, Lisenby has not created a genuine issue of material fact as to whether the two-year experience requirement was pretext for discriminating against him in the selection process. There are no other specific facts that Caver otherwise discriminated against him based on his race and gender in selecting other candidates over him.[14] There is no genuine issue of fact as to the Secretary's legitimate reason for denying Lisenby's applications, and thus, no factual issue as to discriminatory intent. The Secretary is therefore entitled to summary judgment on the discrimination claims.

## V. CONCLUSION

Accordingly, it is ORDERED that

(1)     The Secretary's motion for summary judgment (Doc. # 20) is GRANTED;

(2)     Judgment is due to be entered in favor of the Secretary. An appropriate judgment will be entered.

DONE this 29th day of May 2009.

　　　　　　　　　　　　　　　　　　　　/s/  W.  Keith Watkins
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[14] Lisenby claims that there were several instances in which Caver discriminated against him (Lisenby Dep. 62) but provides no specific examples. He also claims that other nurses could verify that she discriminated him (Lisenby Dep. 62) but provides no affidavits or depositions.